IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 21-cv-01135-RM-KAS

MICHAEL R. LITTLE,

    Plaintiff,

v.

R. ARRIOLA, et al.,

    Defendants.

---

# ORDER

---

    Before the Court is the Recommendation of United States Magistrate Judge Kristen L. Mix (ECF No. 81) to grant Defendants' Motion to Dismiss (ECF No. 51) and to deny as moot their Motion for Partial Summary Judgment (ECF No. 52). Plaintiff filed Objections to the Recommendation (ECF No. 84); Defendants filed a Response (ECF No. 85) and Supplemental Authority (ECF No. 87). Also pending is Plaintiff's Motion to Show Cause (ECF No. 83), to which Defendants have filed a Response (ECF No. 86). For the reasons below, the Court overrules the Objections and accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff's Motion is denied without prejudice.

I.   **LEGAL STANDARDS**

  A.   **Review of a Magistrate Judge's Recommendation**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of a magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

  B.   **Dismissal under Fed. R. Civ. P. 12(b)(6)**

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). However, a court need not accept threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements or allegations plainly contradicted by properly considered documents or exhibits. *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023). To defeat a motion to dismiss, the complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d

1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

### C. Treatment of a Pro Se Plaintiff's Pleadings

The Court construes pro se pleadings liberally, and they are "held to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "In addition, pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). However, it is not the Court's role to act as a pro se litigant's advocate. *See id.* at 1110.

## II. BACKGROUND

Plaintiff is a federal prisoner proceeding pro se. He brings this lawsuit against nineteen federal employees, in their individual capacity, alleging that they destroyed his legal mail, fabricated disciplinary infractions against him, denied him entry into a culinary arts program, fired him from his job, used excessive force against him, failed to intervene, failed to protect him, labeled him a "snitch," falsified his medical records, and denied him psychiatric and pain medication. Seeking relief under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), Plaintiff is asserting violations of his First, Fifth, and Eighth Amendment rights.

The magistrate judge determined that Plaintiff's claim for injunctive relief should be dismissed because that relief is not available from defendants sued in their individual capacity under *Bivens*. The magistrate judge then determined that there was no *Bivens* remedy for Plaintiff's constitutional claims because they present new contexts; alternative remedial processes are available to Plaintiff; and Congress's inaction in creating a damages remedy for

federal prisoners when it passed the Prison Litigation Reform Act counsels judicial restraint in this area.

## III.    DISCUSSION

Plaintiff's Objections do not meaningfully challenge the rationale behind the Recommendation.  Under Tenth Circuit precedent, expanding *Bivens* is no longer merely "a disfavored judicial activity," it is now "an action that is impermissible in virtually all circumstances."  *Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) (quotation omitted); *see id.* at 1136 ("The Supreme Court's message [in *Egbert v. Boule*, 596 U.S. 482 (2022)] could not be clearer—lower courts expand *Bivens* claims at their own peril.").  Contrary to Plaintiff's Objections, the Court does not need to reach outside the pleadings to justify the dismissal of his claims for lack of a *Bivens* remedy.

The magistrate judge aptly applied the established framework for determining whether to recognize an implied damages remedy under *Bivens*, first considering whether his claims present a new *Bivens* context because they are different in a meaningful way from previous *Bivens* cases, and second, considering if there are special factors counselling hesitation in extending *Bivens*, including the existence of an alternative remedial structure.  *See Ziglar v. Abbasi*, 582 U.S. 120, 139-40 (2017).  The magistrate judge separately applied this framework to Plaintiff's claims brought under the First, Fifth, and Eighth Amendments.  The Court discerns no clear error on the face of the record and concludes that the magistrate judge's analysis was thorough and sound.  Accordingly, the Court agrees that expanding the *Bivens* remedy to include Plaintiff's claims is not appropriate and that Defendants' Motion should be granted.

Plaintiff's Motion, entitled a "Motion to Show Cause," appears to be an attempt to assert new claims based on events that occurred after the Second Amended Complaint was filed, at a different facility in another state from where the claims prompting this lawsuit arose. However, Plaintiff has not followed the proper procedure for amending the operative pleading in this case. *See* Fed. R. Civ. P. 15. Nor is there any indication that these new events have any relationship to the claims upon which this lawsuit is based. Therefore, the Court will deny the Motion.

## IV.  CONCLUSION

Accordingly, the Court

(1)  OVERRULES Plaintiff's Objections (ECF No. 84);

(2)  ACCEPTS and ADOPTS the Recommendation (ECF No. 81);

(3)  GRANTS Defendants' Motion to Dismiss (ECF No. 51);

(4)  DENIES AS MOOT Defendants' Motion for Partial Summary Judgment (ECF No. 52); and

(5)  DENIES WITHOUT PREJUDICE Plaintiff's Motion to Show Cause.

The Clerk is directed to CLOSE this case.

DATED this 5th day of March, 2024.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge